**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Cristiana Lopes, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| Brazilian Travel Service, Ltd., and | : |
| Joao De Matos | : |
| | :    May 18, 2017 |
| Defendants | : |

**COMPLAINT**

## I.    INTRODUCTION

1.    This is an action brought by the plaintiff, Cristiana Lopes, against her former employers the defendants, Brazilian Travel Service, Ltd., and Joao De Matos arising from the defendants' failure to pay the plaintiff the applicable minimum wage and overtime wages for her work, and for unauthorized deductions from the plaintiff's wages.  The plaintiff alleges that the defendants violated the minimum and overtime wage payment provision of the federal Fair Labor Standards Act, 29  U.S.C. §206 and §207; the minimum wage and overtime wage payment provisions of Connecticut law, including Conn.Gen.Stat. §31-68 and §31-76c; and the regulatory and statutory prohibitions on unauthorized deductions or wage "kickbacks" in 29 CFR §531.35 and Conn.Gen.Stat. §31-71e and §31-73. The plaintiff seeks as damages her unpaid minimum wage and overtime wages and such amounts as were improperly deducted from her wages; liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) and double damages pursuant to Conn.Gen.Stat. §31-68 and §31-72; and her reasonable attorney's fees and costs as permitted by the FLSA and Connecticut law.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.    PARTIES

4.    The plaintiff is Cristiana Lopes, who resides at 793 Federal Road, Brookfield, Connecticut.  At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5.    At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §207(a)(1).

6.    Defendant Brazilian Travel Service, Ltd.,is  a New York corporation which lists its business address with the New York Secretary of State as 16 West 46th Street, 2nd Floor, New York, New York. Defendant is an air travel booking consolidator headquartered in New York City, with branches in Connecticut, New Jersey and Massachusetts, São Paulo, Brazil, and Rio de Janeiro, Argentina.

7.      At all times relevant to the Complaint, the defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

8.      The defendant has an Annual Business Volume (ABV) of more than $500,000.00.

9.      Defendant Joao De Matos is the Chief Executive Officer of defendant Brazilian Travel Service, Ltd., and lists his address with the New York Secretary of State as 16 West 46th Street, 2nd Floor, New York, New York.

10.     At all times relevant to this Complaint, and with respect to defendant Brazilian Travel Service, Ltd., defendant De Matos was responsible for hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation and was responsible for all relevant decisions regarding the setting of hours for and the payment of wages to the plaintiff.

11.     At all times relevant to this Complaint, the defendants were each and all employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV.    FACTS

12.     The defendants employed the plaintiff from in or about 2006 until on or about February 22, 2017.

13.     During the plaintiff's employment, the defendants did not post notices showing the applicable Connecticut minimum wage or the federal and Connecticut requirements for payment of overtime wages.

14.     The plaintiff was not aware of her right to be paid the applicable Connecticut minimum wage for each hour of her work, nor was she aware of her right to be paid one and

3

one-half times her regular hourly rate for all hours worked above forty in a single week.

15.     During the plaintiff's employment, the defendants maintained time clocks for the plaintiff and other employees to log in and out during the work day. However, the plaintiff was not permitted to see or provided with any record of the total number of hours that she worked each week.

16.     On occasions where the plaintiff complained that she had not been paid for all of the hours she had worked, the defendants did not provide the plaintiff with any evidence showing the manner in which they calculated her hours worked or her wages.

17.     Throughout the plaintiff's employment she typically worked forty-six hours each week. The plaintiff's workweek was eight hours a day, Monday through Friday, and six hours on Saturday.

18.     From the beginning of the plaintiff's employment until on or about September 7, 2015, the defendants paid the plaintiff three hundred and fifty dollars a week.

19.     From on or about September 7, 2015, until the end of the plaintiff's employment, the defendants paid the plaintiff twelve dollars an hour for the first forty hours of the plaintiff's work, and six dollars an hour for the six hours that the plaintiff worked on Saturdays.

20.     As an air travel booking consolidator, the defendants would frequently receive "Agency Debit Memos" (ADM's) from airlines. ADM's are issued by airlines to travel agents when an air travel ticket has been issued and its rules have not been fully complied with. The ADM seeks payment of the difference between the price paid for the airline ticket and the actual value of the ticket.

21.     When an ADM was issued to the defendants, they would deduct the amount of the ADM from the wages of employees, including the plaintiff.

22.     Defendants' deduction of the ADM's from the plaintiff's wages were not authorized by the plaintiff nor required by law.

23.     Plaintiff's acquiescence to the deduction of AMD's from her wages was a condition of her continued employment by the defendants.

24.     In some weeks of the plaintiff's employment, the deduction of ADM's from the plaintiff's wages resulted in the plaintiff receiving less than the applicable Connecticut minimum wage for her work.

**V.     COUNT ONE: FLSA MINIMUM WAGE VIOLATIONS**

1.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 24, above.

25.     The defendants did not pay the plaintiff in an amount at least equal to the applicable federal minimum wage for each hour worked.

26.     Even where payments were made at the applicable federal minimum wage for each hour worked, wages were not paid "free and clear," as required by 29 CFR §531.35.

27.     The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the federal minimum wage and did not do so.

**VI.     COUNT TWO: FLSA OVERTIME WAGE VIOLATIONS**

1.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 27, above.

28.     The defendants did not pay the plaintiff at the rate of one and one-half times her regular hourly rate for hours worked in excess of forty hours in a week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207.

5

29.     The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the federal minimum wage and did not do so.

**VII.     COUNT THREE: CONNECTICUT MINIMUM WAGE VIOLATIONS**

1.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 29, above.

30.     The minimum hourly rates at which the defendants were required to pay Connecticut employees, including the plaintiff, during the plaintiff's employment were:

January 1, 2006 - $7.40

January 1, 2007 - $7.65

January 1, 2009 - $8.00

January 1, 2010 - $8.25

January 1, 2014 - $8.70

January 1, 2015 - $9.15

January 1, 2016 - $9.60

January 1, 2017 - $10.10

31.     Defendants failed to pay the plaintiff at least the applicable Connecticut minimum wage for each hour that she worked, in violation of Conn.Gen.Stat. §31-68.

32.     The defendants' failure to pay the minimum wage as required by Connecticut law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the Connecticut minimum wage and did not do so.

**VIII.   COUNT FOUR: CONNECTICUT OVERTIME WAGE VIOLATIONS**

1.      Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 32, above.

33.     The defendants did not pay the plaintiff at the rate of one and one-half times her regular hourly rate for hours worked in excess of forty hours in a week, in violation of Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76b through 31-76c.

34.     The defendants' failure to pay the minimum wage as required by Connecticut law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the Connecticut minimum wage and did not do so.

**IX.   COUNT FIVE: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES**

1.      The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 34, above.

35.     The defendants failed to pay the plaintiff all of the wages that she was owed, including because of the defendants' unlawful deductions from the plaintiff's wages, in violation of Conn.Gen.Stat. §31-71a through §31-71e, and §31-73.

36.     The defendants' failure to pay the plaintiff all of the wages that she had earned, as required by Connecticut law, was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with Connecticut law and did not do so.

**PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff requests that this Court:

1.      Order the defendant to pay to the plaintiff all wages owed to her pursuant to 29
        U.S.C. §206 and §207, and Conn.Gen.Stat. §31-68 and §31-72;

2.      Award the plaintiff an amount equal to all overtime wages owed as
        liquidated damages pursuant to 29 U.S.C. §216(b)

3.      Award the plaintiff an amount equal to all wages owed as double
        damages pursuant to Conn.Gen.Stat. §31-68 and §31-72;

4.      Award the plaintiff his reasonable attorney's fees and costs pursuant to 29
        U.S.C. 216(b), and/or Conn.Gen.Stat. §31-68 and §31-72;

5.      Award the plaintiff prejudgment and post-judgment interest.

6.      Award the plaintiff such other legal and equitable relief that the Court deems
        appropriate.

RESPECTFULLY SUBMITTED
THE PLAINTIFF, by

 */ s / Peter Goselin*
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com