UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTINA LOPES                                      17cv820

v.

BRAZILIAN TRAVEL SERVICE, LTD.,
and JOAO DE MATOS,

## ORDER ON MOTION FOR JUDGMENT ON DEFAULT

Plaintiff commenced this action pursuant to the Fair Labor Standards Act ("FLSA") and the relevant Connecticut General Statutes on May 18, 2017. She alleges that defendants failed to pay her compensation owed under federal and state law.

A default was entered in this case against defendants Brazilian Travel Service, Ltd., and Joao De Matos on July 25, 2017, for failure to plead or otherwise defend. Plaintiff now moves for entry of judgment on the default.

Plaintiff seeks compensation owed for minimum wages, overtime wages, and unauthorized deductions from wages; double damages as to those wages; and attorney fees and costs. For the following reasons, the motion for judgment on default will be granted.

## BACKGROUND

The following factual background is reflected in the allegations of the complaint and exhibits attached to the motion for judgment on default. Defendant Brazilian Travel Service is an air travel booking consolidator, and Joao De Matos is the Chief Executive Officer of Brazilian Travel Service. De Matos had final responsibility for hiring, firing, promotions, personnel matters, work schedules, pay policies and compensation. Plaintiff was employed by defendant Brazilian Travel Service from March 2006 through February 22, 2017.

During plaintiff's employment, defendant Brazilian Travel Service failed to post notices showing the Connecticut minimum wage or the federal and Connecticut requirements for payment of overtime wages.

Defendant did not allow plaintiff to see the record for the total number of hours that she worked each week, and it failed to provide her with any evidence showing the manner in which it calculated her hours worked or her wages.

From the commencement of her employment through September 7, 2015, plaintiff was paid the flat sum of $350 per week.  From September 7, 2015 through the end of her employment on February 22, 2017, plaintiff was paid $12 an hour for the first forty hours of work, and $6 an hour for the six hours that she worked on Saturdays, for a total weekly wage of $528.  When issued an Agency Debit Memo ("ADM")[1] by an airline for non-rule compliant airline tickets, Brazilian Travel Service would deduct the ADM payment from its employee wages.  At certain times, the deduction of the ADM payment from plaintiff's wages resulted in her receiving less than the applicable Connecticut minimum wage for her work.  The total amount deducted from plaintiff's pay for the ADMs was at least $1,342.95.

Brazilian Travel Service was aware of the requirements that it pay its employees the minimum wage and that it pay them overtime premium pay.  Defendants informed plaintiff that her wages were calculated differently because she was working in Connecticut rather than the company's New York office.  Plaintiff's supervisors also told her that if she complained about her wages, she would lose her job due to her immigration status.

---

[1] An ADM seeks payment of the difference between the price paid for the airline ticket and the actual value of the ticket.

The total wages earned by plaintiff but not paid by defendant in the period from the beginning of her employment until September 7, 2015, is $22,711.25. During the period from September 7, 2015, until February 22, 2017, Brazilian Travel Service generally paid plaintiff at a rate greater than the Connecticut minimum wage, but it failed to pay her the minimum wage for the hours she worked on Saturdays and her overtime wages. The amount that defendant Brazilian Travel Service failed to pay plaintiff for wages and overtime during this period is $4,560.

Thus, the total amount of minimum wage payments, overtime wage payments, and unauthorized ADM deductions during the term of her employment owed by Brazilian Travel Service is $28,614.20.

## DISCUSSION

When a district court has entered a default for a valid cause of action, the Court should consider whether plaintiff has supplied adequate support for the damages sought. Kuruwa v. Meyers, 823 F. Supp. 2d 253, 256 (S.D.N.Y. 2011). In considering a motion for judgment on default, the Court may hold a hearing to ascertain damages, but a hearing is not necessary if there is an adequate basis for a finding on damages. Fustok v. Conticommidty Svcs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

Here, plaintiff has submitted an affidavit that substantiates her claim that she sustained unauthorized deductions from her wages;[2] was paid less than the Connecticut minimum wage; and was not paid overtime pay as required by the FLSA.[3] Accordingly,

---

[2] See Connecticut General Statutes § 31-72 (civil action to collect wage claims); § 31-71e (withholding of part of wages); § 31-73 (prohibiting employer kickback from wages as a condition of employment); and § 31-74 (prohibiting the scaling of wages).

[3] Generally, the FLSA provides that an employee who works more than forty hours in a given week is entitled to compensation at one and half times of the employee's regular wage. Costello v. Home Depot USA, Inc., 944 F. Supp. 2d 199, 203 (D. Conn. 2013).

plaintiff has demonstrated that she is owed $28,614.20 based on unlawful deductions and lack of minimum wage and overtime payment.

### Equitable Tolling

The "lapse of a limitations period is an affirmative defense that a defendant must plead and prove." Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 426 (2d Cir. 2008). Due to the procedural posture of this case, no affirmative defense of a statute of limitations has been raised. Moreover, plaintiff has set forth a basis for the Court to find appropriate equitable tolling of the statute of limitations relevant to the FLSA and Connecticut statutory wage law. "It is within the ambit of the court to resolve questions of equity, including the applicability of equitable tolling to statutes of limitations, when such factual questions are separate from the merits of the case." Lama v. Malik, 192 F. Supp. 3d 313, 316 (E.D.N.Y. 2016). Relevant to the FLSA and the state wage claims, plaintiff may qualify for equitable tolling by demonstrating that she had pursued her rights diligently, and that some extraordinary circumstance stood in her way to prevent timely filing. Pest v. Bridal Works of New York, Inc., 2017 WL 3393967, at *13 (E.D.N.Y. July 27, 2017) (discussing equitable tolling of FLSA and state wage claims).

Courts have held that failure to post notices regarding the right to minimum wage and overtime pay alone is insufficient to justify equitable tolling. Id. Here, plaintiff has averred that her employer failed to post the appropriate notices; that she was unaware of her rights to minimum wage and overtime pay; that she was not permitted to see any print outs or other evidence showing the actual number of hours of worked or the calculation of the wage payment; that defendants falsely informed plaintiff that she did not receive overtime pay because her wages were calculated in Connecticut differently than they would have been in New York; and that defendants threatened plaintiff that she would sustain consequences due to her immigration status if she complained of not being paid

all of her wages. Accordingly, the Court finds that plaintiff is entitled to equitable tolling of the statute of limitations.

### Liquidated Damages

Plaintiff asserts that the Court should award her double damages due to her employer's violations of the FLSA and the Connecticut General Statutes relevant to payment of minimum wage, overtime, and payment for all hours worked. See 29 U.S.C. § 207; Conn. Gen. Stat. § 31-68; Conn. Gen. Stat. § 31-71b; and Conn. Gen. Stat. § 31-72. The FLSA and Connecticut statutes provide that double damages may be awarded for such violations unless defendant demonstrates that it acted in good faith. See Herman v. RSR Sec. Svcs Ltd., 172 F.3d 132, 142 (2d Cir. 1999); Conn. Gen. Stat. § 31-72. While the FLSA guarantees employees specific substantive rights that cannot be waived by statute, while Section 31-72 is remedial in purpose. Shortt v. New Milford Police Dept., 212 Conn. 294, 307 (1989). FLSA liquidated damages are considered compensatory due to the delay in receiving proper wages occasioned by defendant's FLSA violation. Mahoney v. Amekk Corp., 2016 WL 6585810, at *14 (E.D.N.Y. Sept. 30, 2016). By contrast, liquidated damages under Section 31-72 are punitive. Morales v. Cancun Charlie's Rest., 2010 WL 7865081, at *9 (D. Conn. Nov. 23, 2010). In light of the conduct substantiated by plaintiff's papers, the Court will award plaintiff liquidated damages under both the FLSA and Section 31-72.

### Attorney Fees and Costs

Under the FLSA and Connecticut General Statutes, a prevailing plaintiff in an action to recover unpaid wages is entitled to reasonable attorney fees and costs. 29 U.S.C. § 216(b); Conn. Gen. Stat. § 31-68 and § 31-72. A reasonable fee is one that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil case. Perdue v. Kenny A., 559 U.S. 542, 552 (2010). "The reasonable hourly

rate is the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2007). Upon review, the Court finds reasonable the request for attorney fees at the rate of $400 for an attorney of Peter Goselin's experience. Additionally, Attorney Goselin set forth that he spent a reasonable amount of hours of 13.60 hours on this case. Accordingly, the Court will award $5,440 in attorney fees plus $490 for costs (the filing fee and the costs of service on defendants) for a total award of $5,930.

Total Award

The Court will award plaintiff $28,614.20 in unpaid wages under the FLSA and Section 31-72; $28,614.20 in liquidated damages under the FLSA; and $28,624.20 in liquidated damages under Section 31-72 for a total of 85,842.60. Additionally, the Court will award $5,930 for reasonable attorney fees and costs.

## CONCLUSION

For the foregoing reasons, the Court GRANTs the Motion for Judgment on Default. The Court awards plaintiff $85,842.60 in compensatory and liquidated damages pursuant to the FLSA and Connecticut General Statutes § 31-72. Additionally, the Court awards attorney fees and costs in the amount of $5,930.

The clerk is instructed to close this case.

Dated this _26th___ day of September, 2017 at Bridgeport, Connecticut.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

Case 3:17-cv-00820-WWE   Document 10   Filed 09/26/17   Page 7 of 7